**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **ED CV 26-1003-JFW(KES)**                    Date:  April 16, 2026

Title:   Xiaonan Xu -v- Fereti Semaia, et al.

**PRESENT:**
       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

      **Shannon Reilly**                              **None Present**
      **Courtroom Deputy**                         **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
        None                                                    None

**PROCEEDINGS (IN CHAMBERS):**          **ORDER GRANTING PETITIONER'S SECOND APPLICATION FOR TEMPORARY RESTRAINING ORDER [filed 3/26/26; Docket No. 12]**

On March 26, 2026, Petitioner Xiaonau Xu ("Petitioner") filed a Second Application for Temporary Restraining Order ("Application").  On April 1, 2026,  Respondents Fereti Semaia, Ernesto Santacruz, Jr., Todd Lyons, Pamela Bondi, and Kristi Noem (collectively, "Respondents") filed their Opposition.[1]  On April 2, 2026, Petitioner filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for April 20, 2026, is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

Petitioner was born in 1994 and is a native and citizen of the People's Republic of China. Petitioner entered the United States without inspection on approximately June 29, 2024, and was subsequently taken into custody by United States Immigration and Enforcement ("ICE").

On June 29, 2024, the United States Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear, charging that he was subject to removal from the United States pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") because he is an immigrant "present in the United States without being admitted or paroled, or who arrived in the

---

[1]  Because Respondents had notice and an opportunity to respond, Petitioner briefed the issues thoroughly, and the standard for a TRO and a preliminary injunction are the same, the Court will treat Petitioner's Application as a motion for preliminary injunction.

Initials of Deputy Clerk __sr_

United States at any time or place other than as designated by the Attorney General," and released him from custody on an Order of Release on Recognition, which required him to appear periodically for check-ins at an ICE Field Office.  After he was released, Petitioner filed an application for asylum, and his removal proceedings remain pending before the Immigration Court.

According to Petitioner, he diligently complied with all reporting obligations imposed by ICE, worked to support himself, and attended daily English as a Second Language classes offered by the community.

On July 10, 2025, Petitioner was involved in an altercation with an Uber driver.  According to Respondents, that incident led to Petitioner being charged with felony battery against a peace officer in violation of California Penal Code § 242, misdemeanor disorderly conduct – intoxicated drugs/alcohol in violation of California Penal Code § 647(f), and misdemeanor vandalism – defacing property in violation of California Penal Code § 594(a)(1).[2]  On that same day, DHS issued a Warrant for Arrest of Alien (Form I-200) and an Immigration Detainer – Notice of Action (Form I-247A), which is addressed to the Alhambra City Jail and states that Petitioner "is subject to the detainer provision of the Laken Riley Act and is required to be effectively and expeditiously taken into custody by DHS pursuant to 8 U.S.C. § 1226(c)(3)."

On October 25, 2025, Petitioner's mother filed a Form I-730, Refugee/Asylee Relative Petition on his behalf after her asylum application was granted.

On December 4, 2025, ICE re-detained Petitioner when he appeared at an ICE Field Office for a routine check-in.  The Record of Deportable/Inadmissible Alien (Form I-213) completed on that day states that "ERO Los Angeles served [Petitioner] with Form I-200. [Petitioner] will remain in ICE ERO custody pending his immigration proceedings due to his qualifying charges falling under the Laiken Riley Act."  At the time he was detained, Petitioner informed the ICE officer that he was scheduled to appear for a court hearing related to his criminal charges on December 9, 2025.  According to Petitioner, the ICE officer advised Petitioner that ICE would transport him to criminal court for that hearing and that if the criminal court dismissed the charges against him or if he was not convicted, ICE would release him.  However, on December 9, 2025, ICE failed to transport him to the scheduled court hearing, causing him to miss the appearance.  As a result, a bench warrant was issued for his arrest.

Petitioner has not been given a bond hearing.  According to Petitioner, although he requested a custody redetermination pursuant to 8 C.F.R. § 1236 on January 23, 2026, Petitioner's counsel withdrew the request after the Immigration Judge determined that he could not adjudicate the issue.

---

[2]  According to Petitioner, Petitioner was never charged with felony battery against a peace officer, but, instead, was only charged with two misdemeanors: (1) battery in violation of California Penal Code § 242 against the Uber driver, Carlos Gutierrez Hernandez ("Gutierrez Hernandez"); and (2) vandalism under $400 in violation of California Penal Code § 594(a), based on damage to a vehicle owned by Gutierrez Hernandez.

Initials of Deputy Clerk _sr_

On March 3, 2026, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), alleging causes of action for: (1) unlawful detention in violation of the INA, 8 U.S.C. § 1226(a); (2) violation of Due Process; and (3) violation of INA – request for relief pursuant to *Maldonado Bautista*.  On March 3, 2026, Petitioner filed his original application for a temporary restraining order.  On March 6, 2026, Respondents filed their Opposition.  On March 10, 2026, Petitioner filed his Reply.  On March 20, 2026, the Court entered an Order denying Petitioner's original application for a temporary restraining order.

## II.    Legal Standard

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20).  Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met.  *Id.* at 1132.

## III.    Discussion

In his Application, Petitioner seeks an Order from this Court: (1) ordering Petitioner's immediate release from Respondents' custody under the same conditions previously in place, without imposing any more restrictive conditions of supervision; (2) ordering Respondents to return Petitioner's personal belongings, including his work authorization card and identity documents; (3) upon release, prohibiting Respondents from imposing conditions of supervision more restrictive than those previously in place, including the imposition of electronic monitoring, absent a hearing consistent with due process; (4) enjoining Respondents from transferring, re-arresting, or re-detaining Petitioner absent lawful process, including a pre-deprivation hearing before a neutral decisionmaker at which Respondents establish by clear and convincing evidence that detention is appropriate to prevent his flight or to protect the public; and (5) requiring Respondents, should they choose to conduct such a hearing, to provide Petitioner with reasonable advanced notice of time and place of the hearing.

In this case, Respondents argued in their opposition to Petitioner's original application for

Initials of Deputy Clerk __sr__

temporary restraining order that Petition is subject to mandatory detention pursuant to Section 1226(c)(1)(E) (the "Laken Riley Act") because Petitioner was arrested on July 10, 2025, for the felony offense of battery against a peace officer.[3]  In this Application, Petitioner argues that his detention should instead be governed by Section 1226(a), which only authorizes discretionary detention, because the Warrant of Arrest issued by DHS was based on the erroneous assertion that Petitioner had been charged with a felony offense for battery against a peace officer. Petitioner argues that the criminal complaint expressly states that he was only charged with two misdemeanor offenses: (1) battery in violation of California Penal Code § 242 against Gutierrez Hernandez (not a police officer); and (2) vandalism under $400 in violation of California Penal Code § 594(a), based on damage to a vehicle owned by Gutierrez Hernandez.  In addition, Petitioner argues that the FBI RAP sheet that characterizes one of the charges against him as "Battery Against a Peace Officer (PC 242)," is clearly erroneous because California Penal Code § 242 only applies to misdemeanor battery and that batteries against peace officers and batteries involving serious bodily injuries are governed by California Penal Code § 243, not California Penal Code § 242.  In their Opposition, Respondents fail to dispute or otherwise address Petitioner's new factual allegations that he was not charged with felony battery against a peace officer and that his FBI RAP sheet is erroneous.  Instead, Respondents state that to the extent the Court issues injunctive relief, "the relief should be narrowly tailored and limited to requiring a Section 1226(a) bond hearing to be provided within 7 days so that the Immigration Court could evaluate, at a minimum, danger to the community, given the Petitioner's criminal history."  *See* Opposition, 4:1-9.

In light of Respondent's failure to dispute or otherwise address to Petitioner's new factual allegations and Respondent's agreement that, to the extent the Court orders injunctive relief, Respondents will not object to Petitioner being provided a Section 1226(a) bond hearing, Petitioner's Application for a temporary restraining order and preliminary injunction is **GRANTED**. The Court **ORDERS** that: Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order.  And, in light of the serious questions going to the merits, the likelihood of irreparable harm, and the balance of equities and the public interest tipping sharply toward Petitioner, the Court **ORDERS** that Respondents and all of their officers, agents, servants, employees, attorneys, and persons acting on their behalf in concert or in participation with them are immediately enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the court. Any additional relief sought by Petitioner in his Petition shall be addressed by the Magistrate Judge when adjudicating his Petition.

Rule 65(c) provides that a court "may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district

---

[3]  Section 1226(c)(1)(E) provides that "[t]he Attorney General shall take into custody any alien" who is present in the United States without being admitted or paroled and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any . . . assault of a law enforcement officer."

Initials of Deputy Clerk __sr__

court with discretion as to the amount of security required, if any.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)).  In particular, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (citation omitted).  As a result, the mandatory language of Rule 65(c) does not "absolve[ ] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003).  In this case, Respondents have not demonstrated any likelihood of harm if the Court grants the requested relief, and has not requested a bond if that relief is granted.  Accordingly, the Court therefore exercises its discretion and waives the bond requirement under Rule 65(c).

      IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_